## JAMES STEVENSON v. STATE.

No. A-2677.    Opinion Filed January 24, 1917.

(162 Pac. 443.)

**APPEAL AND ERROR—Determination.** When a petition in error and case-made are filed in this court, it is the duty of counsel to prepare and file briefs or appear and orally argue any assignments of error relied upon for reversal. When this is not done, the appeal is treated as abandoned, and in the absence of fundamental error, the judgment of the lower court will be affirmed for want of prosecution.

*Appeal from County Court, Garvin County;*
*W. R. Wallace, Judge.*

James Stevenson was convicted of a violation of the prohibitory law, and he appeals. Affirmed.

*H. M. Carr* and *Thos. Wallace,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, James Stevenson, was convicted in the county court of Garvin

county on a charge that he did have "in his possession spirituous, vinous, malt, and fermented liquors, with the intent to barter, sell, give away, and otherwise furnish the same to others," and his punishment assessed at a fine of $150 and confinement for 30 days in the county jail. From the judgment rendered on the verdict an appeal was perfected in this court on the 15th day of March, 1916. No briefs have been filed by counsel on behalf of the plaintiff in error, and no appearance made for oral argument.

In the case of *Smith v. State,* 9 Okla. Cr. 15, 130 Pac. 517, it is said:

"When a petition in error and case-made are filed in this court, it is the duty of counsel to prepare and file briefs or appear and orally argue any assignments of error relied upon for reversal. When this is not done, the appeal is treated as abandoned, and in the absence of fundamental error, the judgment of the lower court will be affirmed for want of prosecution."

We have examined the information and the instructions of the court, and we have discovered no error which will warrant a reversal.

The judgment of the lower court is therefore affirmed.

DOYLE, P. J., and BRETT, J., concur.